**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID RIGGINS, aka Dawud Halisi Malik, AKA Dawud Halisi Malik, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> HAROLD CLARKE, DOC Secretary; et al., <br><br> Defendants - Appellees. | No. 09-35467 <br><br> D.C. No. 3:07-cv-05160-RJB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted November 1, 2010
Seattle, Washington

Before: B. FLETCHER, FERNANDEZ and BYBEE, Circuit Judges.

Appellant David Riggins, aka Dawud Halisi Malik ("Appellant") appeals the

grant of summary judgment to various employees of the State of Washington

Department of Corrections ("DOC"). Appellant is a prisoner who brought this

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

action under 42 U.S.C. § 1983 to challenge the enforcement of DOC Policy 400.280 (the "Policy"), which requires that all prisoners use their committed name before any other official or religious name on all incoming and outgoing correspondence. Appellant argues that the enforcement of the Policy by Appellees violates his First Amendment right to use of the mail. The district court granted summary judgment in favor of Appellees, holding that, as to incoming mail, there was no constitutional violation, and that, as to outgoing mail, summary judgment was inappropriate on the merits but Appellees were entitled to qualified immunity. We have jurisdiction under 28 U.S.C. § 1291, and we now affirm the grant of summary judgment in Appellees' favor.

## I.

A district court's grant of summary judgment is reviewed de novo. *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053 (9th Cir. 2007) (citing *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir. 2004)). Its decision as to whether an officer is entitled to qualified immunity is likewise reviewed de novo. *Id*. (citing *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 945 (9th Cir. 2003)). Federal Rule of Civil Procedure 56(c) provides that a movant is entitled to summary judgment where "there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law."

2

Appellant argues that the district court erred in granting summary judgment in favor of Appellees because, in enforcing the Policy, prison officials prevented Appellant from exercising his First Amendment right to use the mail. Prisoners have a First Amendment right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). A prison may adopt regulations that infringe on an inmate's constitutional rights if those regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Restrictions on outgoing mail are given closer scrutiny than those on incoming mail, as internal mail has an obvious effect on the internal environment of a prison, while outgoing mail poses less threat to prison security. *Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989).

As was noted by the magistrate judge, the Policy does not prohibit Appellant from using his religious name on his mail in conjunction with his committed name. The burden that the Policy does place on Appellant's rights is in the requirement that his committed name be placed *first* on all incoming and outgoing correspondence. Thus, we must determine whether enforcement of the Policy's requirement as to the order of the names on prisoner mail is justified by a legitimate penological interest.

We conclude that it is. We hold that the DOC has adequately demonstrated that regulating the order in which an inmate places his committed name versus any other official or religious name is justified under *Turner* by the need for orderly and efficient administration of prison mail. Accordingly, while Appellant has an established constitutional right to use both his committed and religious name on all outgoing and incoming correspondence, that right does not extend so far as to allow him to place those names in any order that he chooses. Enforcement of the Policy by the DOC did not, therefore, violate his First Amendment rights.

Because we hold that summary judgment was properly granted to Appellees on the merits of Appellant's constitutional claim, we need not reach the issue of qualified immunity.

**III.**

Appellant also argues that the district court erroneously granted Appellees summary judgment as to his request for injunctive and declaratory relief. In light of our ruling, he is not entitled to either form of relief.

With respect to prison conditions, "[t]he court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18

U.S.C. § 3626. "To obtain injunctive relief against government actions which allegedly violate the law, the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *Orantes-Hernandez v. Thornburgh*, 919 F.2d 549, 557 (9th Cir. 1990) (citing *Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983)) (internal quotation marks omitted).

The district court previously dismissed Appellant's claims under the Eighth, Fifth, and Fourteenth Amendments, a holding that Appellant does not now appeal. Therefore, Appellant's requests for injunctive and declaratory relief as to these claims were properly denied. Second, because the Policy does not prevent Appellant from using his legal and religious name in conjunction with this committed name on all correspondence, it does not violate this court's previous rulings, and relief on this basis was also properly denied. Finally, because we have concluded that the Policy's enforcement does not violate Appellant's First Amendment right to use the mail, his request that Appellees "cease withholding his mail" was also properly denied. The district court ruling with respect to Appellant's claim for equitable relief is affirmed.

**IV.**

Appellant alleges that Appellee's refusal to allow him to purchase prayer oils violated his First Amendment right to exercise his religion and the Religious Land Use and Institutionalized Persons Act (RLUIPA).

In order to establish a free exercise violation under the First Amendment, a prisoner must show that the government burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests. *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997) (citing *Turner*, 482 U.S. at 89). Section 3 of RLUIPA provides, in relevant part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability," unless the government establishes that the burden furthers "a compelling governmental interest," and does so by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2). Under RLUIPA, Appellant bears the initial burden of establishing a prima facie claim that the Policy constitutes a substantial burden on the exercise of his religious beliefs. *See Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005).

The record does not demonstrate that possessing prayer oils was a religious practice mandated by Appellant's faith. In addition, nothing in the record suggests

6

that a lack of prayer oils placed a substantial burden on Appellant's ability to practice his religion, and it is clear that Appellant's request for transfer of funds to purchase these oils was eventually processed. Therefore, the district court properly granted summary judgment in Appellees' favor on the First Amendment freedom of religion and RLUIPA claims.

## V.

Because Appellant's constitutional rights were not violated, summary judgment was properly granted in favor of Appellees. The judgment of the district court is **AFFIRMED**.